```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
_____
                                    :
JOHN CASTELUCCI,                    :
                                    :
          Petitioner,               :   Civ. No. 20-16600 (NLH)
                                    :
     v.                             :   OPINION
                                    :
DAVID E. ORTIZ,                     :
                                    :
          Respondent.               :
_____:
```

APPEARANCES:

John Castelucci
79161-054
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Kristin Lynn Vassallo, Assistant United States Attorney
Office Of The U.S. Attorney - District Of New Jersey
970 Broad Street
Newark, NJ 07102

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner John Castelucci, a convicted and sentenced federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits to his sentence. ECF No. 1.  Respondent asserts the petition should be dismissed as unexhausted or, in the alternative, because Petitioner is not

eligible to earn the credits. ECF No. 4. For the reasons that follow, the Court will dismiss the petition as unexhausted.

I. BACKGROUND

Petitioner pled guilty in the U.S. District Court for the Southern District of New York to racketeering conspiracy, 18 U.S.C. §§ 1962(d), 1963(a). Judgment of Conviction, United States v. Castelucci, No. 7:17-cr-00089, (S.D.N.Y. June 21, 2019) (ECF No. 713). The trial court sentenced Petitioner to 37 months followed by a three-year term of supervised release. Id. The BOP calculated Petitioner's sentence as commencing on August 19, 2019. ECF No. 4-5 at 3. Respondent indicates Petitioner's projected release date is May 15, 2022. Id. at 1.

On October 7, 2020, Petitioner filed an inmate remedy to staff stating: "BOP needs to apply Earned Time Credits for productive activities and programming under the First Step Act . . . which mandated BOP needed to apply credits immediately starting in January 2020 without delay." Id. at 11. Warden David Ortiz responded on October 28, 2020:

> Records reveal your classification materials were reviewed by your Unit Team on November 20, 2019, to determined FSA Earned Time credit eligibility; this review has determined you to be eligible to receive Earned Time credits upon completion of certain FSA eligible programs. As you complete programs which may qualify for FSA Earned Time credits, your computations will be updated under the provisions of the statute; however, this statute gives the BOP two years after it completes the risk and needs assessment for each inmate to phase in the program implementation, including Earned

2

>  Time credits.  Therefore, the BOP will apply such credits
>  by January 15, 2022.  Accordingly, your request for
>  relief is denied.

Id. at 15.  Petitioner filed his § 2241 petition on November 18, 2020.  ECF No. 1.

Petitioner argues that he is entitled to good conduct time ("GCT") and time credits for completing evidence-based recidivism reduction ("EBRR") programs and productive activities ("PAs").  Respondent asserts the petition should be dismissed for failure to exhaust and because Petitioner has not completed the required programming.  ECF No. 4.

II.  STANDARD OF REVIEW

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  The Court has jurisdiction over the Petition and venue is proper in this District pursuant to 28 U.S.C. § 2241 because Petitioner challenges the execution of his federal sentence and is confined in this District.  Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (citing Ex parte Endo, 323 U.S. 283 (1944)); see also Gorrell v. Yost, 509 F. App'x 114, 118 (3d Cir. 2013).

III. ANALYSIS

"Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion

3

requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). "We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). BOP records indicate Petitioner filed an administrative remedy request, Form BP-9, with the Warden of FCI Fort Dix in October 2020 that requested the application of EBRR credits: "BOP needs to apply EARNED time credits for productive activities and programming under the First Step Act, 18 U.S.C. § 3632 per [Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020)] which mandated BOP needed to apply credits immediately starting in January 2020 without delay." ECF No. 4-5 at 11. FCI Warden Ortiz denied the request on October 28, 2020. Id. at 15. The BOP does not have records indicating an appeal of that denial, but concedes that "due to COVID-19, the Regional Director's Office has experienced some delays in

4

entering Administrative Remedy requests at the BP-10 level." Declaration of Corrie Dobovich ("Dobovich Dec."), ECF No. 4-4 ¶ 4. "The Petitioner has never filed a request for additional Good Conduct Time (GCT)." Id. ¶ 5.[1] Petitioner filed his habeas petition on November 18, 2020. ECF No. 1.

Petitioner states he filed the BP-10 appealing the Warden's decision denying EBRR credits but has not received a filing receipt.[2] He concedes he did not complete the three-step process but asks the Court to excuse the failure to exhaust because the administrative process has been delayed during the COVID-19 pandemic, and his "anticipated benefits accrue on a date fast approaching, there is a potential irreparable injury if the court were to compel him to indulge BOP in its exercise in futility and delay which would extend past the date he anticipates receiving the fruits of the First Step Act benefits." ECF No. 5 at 15. He argues "[t]his is typical given current COVID-19 issues and other inmates are waiting 2-3 months before receiving such receipts. Further, Petitioner points to

---

[1] Petitioner did file a request for an informal resolution, ECF No. 1-2 at 4, but did not file the official first step of the administrative remedy process on the BP-9 form. 28 C.F.R. § 542.14(a).

[2] "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15. Petitioner does not argue that he submitted a BP-11 to the General Counsel before filing his § 2241 petition in this Court.

5

other similarly situated 2241 petitioners arguing these same issues who have run into predetermination of the issue by BOP officials and inexcusable delays in remedy filings." Id. at 14.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice ...." Moscato, 98 F.3d at 761.  Petitioner has not shown cause for failing to exhaust his GCT claim.  The BOP has no record of an administrative remedy request for the application of GCT, Dobovich Dec. ¶ 5, and Petitioner does not claim that he filed one.  Courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice.  See Hayes v. Ortiz, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."), appeal dismissed sub nom. Hayes v. Warden Fort Dix FCI, No. 20-2388, 2020 WL 7873242 (3d Cir. Oct. 7, 2020); Shoup v. Shultz, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Consequently, the calamity - if any — which Petitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement.").  Moreover, it appears from the Court's review that there are disputed facts such that this question would benefit from administrative review in the

6

first instance.³  Therefore, the Court will dismiss this claim as unexhausted.

The Court will also dismiss Petitioner's challenge regarding his EBRR credits as unexhausted.  In addition to his argument that the delays in the administrative remedy process and his approaching release date justify his failure to exhaust, Petitioner also argues that his EBRR credit claim is a pure statutory interpretation question, citing Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020).  "In Goodman, the parties did not dispute that the inmate-petitioner had successfully participated in several PAs that met the requirements of the FSA or had earned a specific number of ETC. Instead, the court considered whether the FSA required that the ETC earned by the petitioner be applied before January 15, 2022."  Rehfuss v. Spaulding, No. 1:21-CV-00677, 2021 WL 2660869, at *3 (M.D. Pa. June 29, 2021).  The court concluded in Goodman that this "narrow dispute of statutory construction" was "exempt from the exhaustion requirement."  Goodman, 2020 WL 5015613, *3.

---

³ By way of example, Petitioner's sentence monitoring form indicates he has a total earned and projected amount of GCT of 125 days.  ECF No. 4-5 at 17.  However, the numbers listed for each year add up to 153 days: 41 + 54 + 54 + 4.  Id.  To the extent there is an error in the calculation of GCT, and the Court does not find that there is an error, the BOP should have the first opportunity to address it.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996).

7

Although Petitioner does argue that his EBRR credits should be applied before January 15, 2022, it is not the only dispute between the parties. The BOP also asserts Petitioner has not earned any credits yet: "Castelucci has only taken one qualifying program, and has not completed the required 30 days of programming to obtain Earned Time Credits. Accordingly, he is not yet entitled to any Earned Time Credits, and the BOP will instead award him pre-release custody credit when he has completed the required amount of programming." ECF No. 4 at 24. Petitioner retorts that the BOP has artificially restricted the programs that qualify for EBRR credits and has miscalculated the number of "days" he has completed. ECF No. 5 at 9-10.

The Court cannot order a hypothetical remedy. i.e., order the BOP to apply the credits if Petitioner has earned them. Therefore, Petitioner's claim is not excused from the exhaustion requirement because it goes beyond the "narrow dispute" of the date by which the BOP must award credit. The Court will dismiss the claim as unexhausted.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust. An appropriate order will be entered.

Dated: September 30, 2021            s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

8